RECEIVED
IN CLERK'S OFFICE
SEP 30 2013
U.S. DISTRICT COURT
MID. DIST. TENN.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

MARK HOTSINPILLER,

    Plaintiff,

v.

SALLIE MAE, INC.

    Defendant,

PLAINTIFF'S VERIFIED
COMPLAINT AND
DEMAND FOR JURY
TRIAL

MARK HOTSINPILLER ("Plaintiff"), through attorneys, KROHN & MOSS, LTD., alleges the following against SALLIE MAE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331.

3. Defendant conducts business in the state of Tennessee, and, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Monterey, Putnam County, Tennessee.

6. Defendant is a business entity with its principal place of business at 12061 Bluemont Way, Reston, VA 20190

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. Defendant places collection calls to Plaintiff seeking and attempting to collect on an alleged debt.

2. Defendant places collection calls to Plaintiff's cellular telephone at phone number (423) 883-07XX.

3. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 765-283-3253 and 317-348-9985

4. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

5. On July 3, 2013 at approximately 1:01 P.M. Eastern Time, Plaintiff spoke with Defendant's representative, "Stella."

6. In the course of the telephone conversation on July 3, 2013, Plaintiff requested that Defendant cease placing collection calls to his cell phone and requested that Defendant correspond by writing only.

7. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on July 3, 2013.

8. Despite Plaintiff's request to cease, Defendant placed at least one hundred and thirty-two (132) automated collection calls to Plaintiff.

9. Specifically, Defendant called Plaintiff as follows:
   - July 4, 2013: one (1) call at 9:23am.

- July 5, 2013: five (5) calls at 7:56am, 9:35am, 12:44pm, 2:41pm, and 5:00pm.
- July 6, 2013: three (3) calls at 7:45am, 9:10am, 6:35am.
- July 7, 2013: two (2) calls at 5:42pm and 6:35pm.
- July 8, 2013: three (3) calls at 10:57 am, 12:20pm, and 7:43pm.
- July 9, 2013: five (5) calls at 10:42am, 11:57am, 1:53pm, 2:58pm, and 6:51pm.
- July 10, 2013: three (3) calls at 7:51am, 9:15am, and 11:06am.
- July 11, 2013: eight (8) calls at 7:42am, 10:41am, 12:42pm, 2:04pm, 4:04pm, 5:21pm, 6:33pm, 7:58pm.
- July 12, 2013: two (2) calls at 9:08am and 10:57am.
- July 13, 2013: five (5) calls at 7:17am, 8:29am, 10:26am, 1:18pm, 3:27pm.
- July 14, 2013: five (5) calls at 12:48pm, 2:03pm, 3:21pm, 4:59pm, 6:48pm.
- July 15, 2013: seven (7) calls at 7:39am, 9:05am, 10:53am, 12:21pm, 2:14pm, 3:41pm, 4:57pm.
- July 16, 2013: seven (7) calls at 9:14am, 11:26am, 1:19pm, 2:37pm, 4:20pm, 5:52pm, 7:21pm.
- July 17, 2013: six (6) calls at 7:31am, 8:50am, 10:41am, 12:21pm, 1:30pm, 3:06pm.
- July 18, 2013: five (5) calls at 10:47am, 12:51pm, 2:03pm, 3:41pm, 5:06pm.
- July 19, 2013: four (4) calls at 7:37am, 8:57am, 12:21pm, 2:17pm.
- July 26, 2013: six (6) calls at 7:35am, 8:54am, 10:58am, 12:28pm, 2:23pm, 4:31pm.
- July 27, 2013: three (3) calls at 7:41am, 8:58am, 7:07pm.
- July 28, 2013: one (1) call at 7:32am.

- July 29, 2013: six (6) calls at 7:36am, 11:13am, 2:10pm, 3:48pm, 5:14pm, 6:36pm.

- July 30, 2013: one (1) call at 11:58am.

- August 2, 2013: six (6) calls at 7:28 a.m. 8:54 a.m. 10:35 a.m. 11:53 a.m. 12:23 p.m. 04:40 p.m.

- August 3, 2013: three (3) calls at 7:17am, 9:16am, 6:45pm.

- August 4, 2013: one (1) call at 6:53pm.

- August 5, 2013: four (4) calls at 7:46am, 9:23am, 12:17pm, 3:11pm.

- August 6, 2013: five (5) calls at 7:24am, 11:07am, 12:23pm, 3:11pm, 7:30pm.

- August 7, 2013: eight (8) calls at 7:23am, 8:40am, 9:54am, 11:27am, 12:37pm, 2:40pm, 4:45pm, 6:44pm.

- August 8, 2013: six (6) calls at 7:17am, 11:16am, 1:09pm, 3:06pm, 6:13pm, 7:55pm.

- August 9, 2013: seven (7) calls at 7:17am, 8:29am, 10:33am, 12:48pm, 2:22pm, 4:26pm, 6:41pm.

- August 10, 2013: four (4) calls at 7:07am, 8:17am, 9:43am, and 6:37pm.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER ACT

10. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

11. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, Mark Hotsinpiller, respectfully requests judgment be entered against Defendant, SALLIE MAE, INC. for the following:

12. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

13. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

14. All court costs, witness fees and other fees incurred; and

15. Any other relief that this Honorable Court deems appropriate.

DATED: 9/20/2013

RESPECTFULLY SUBMITTED,

By: [signature]
Michael McNulty – Local Counsel #25974
McNulty & Associates, PLLC
211 Printers Alley, Suite 400
Nashville, Tennessee 37201
Tennessee Bar Number 025974

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARK HOTSINPILLER, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE

Plaintiff, MARK HOTSINPILLER, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARK HOTSINPILLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

8-16-13
Date

MARK HOTSINPILLER